THOS. N. ALLEN, ETC., *v.* W. L. MITCHERSON, ETC. ·

**Bills and Notes—Answer—Confession of Matters Alleged in Petition.**

An answer to a petition on a note, which merely alleges want of information or knowledge as to whether the debt was due as recited in the petition, and avers want of knowledge or information as to whether plaintiffs acquired possession of the note in the manner alleged, is virtually a confession of the truth of the matters alleged in the petition.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 5, 1873.

OPINION BY JUDGE LINDSAY:

The answer in this case, which was not filed for more than four years after the service of summons, does not controvert the allegations of the petition to the effect that John Allen, deceased, owed to Scarbrough the note for $1,012.50, but merely states that the parties answering had no knowledge or information as to whether the debt was due as recited in the petition.

Neither does it deny that Barron and Mitcherson paid off and discharged the debt, but again reverts to want of knowledge or information as to whether they gained it in the particular manner charged. This court has so often condemned this character of pleading that it is scarcely necessary to say that the answer virtually confessed the truth of the petition as to these matters.

We are of opinion that Barron and Mitcherson were entitled to be substituted to the Scarbrough's rights. It is true that a third party can not by paying off a note, claim to stand in the place of the payee without taking an assignment from him, but when the payment is made at the request of the debtor, the rule may be and in many cases is different.

D. N. Allen, the executor, had the right to represent the estate of the deceased. He was charged by the will with the payment of the debts. He might have procured Barron and Mitcherson to pay the debt to Scarbrough and by the execution to them of a note in his capacity as executor have bound the estate to refund to them the money thus paid to its use. It is perfectly plain from the pleading and proof that Barron and Mitcherson paid the debts for the es-

tate, and not for the individual accommodation of the executor. They can therefore look to the estate for their money.

These appellants do not pretend that they have not received sufficient property and money under their ancestor's will to pay them.

The credit allowed the executor in a settlement of his accounts made four years after suit was commenced, and after appellants had actual notice of appellees' claim, can not affect their right.

As this action is against devisees, and not against a personal representative, a demand accompanied with the statutory affidavit as to usury discounts, off-sets, etc., was not necessary.

Judgment *affirmed*.

*Sweeney & Stuart, for appellants.*

*Ray & Walker, for appellees.*